**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge John L. Kane**

Civil Action No. 11-cv-00811-JLK

RIGHTHAVEN, LLC, a Nevada limited liability company

       Plaintiff,

v.

BUZZFEED, INC., a Delaware Corporation;
JONAH PERETTI, an individual; and
GAVON LAESSIG, an individual,

       Defendants.

---

**DEFENDANTS' ANSWER AND COUNTERCLAIMS
AND
CLASS ACTION COUNTERCLAIM**

---

      Defendants BuzzFeed, Inc. and Jonah Peretti by and through their undersigned counsel of record, Brownstein Hyatt Farber Schreck, LLP, submit the following Answer and Counterclaims and Class Action Counterclaim to Plaintiff's Complaint:

**<u>NATURE OF ACTION</u>**

      1.    Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 1 of Plaintiff's Complaint, and therefore deny the same.

## PARTIES

2.      Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 2 of Plaintiff's Complaint, and therefore deny the same.

3.      Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 3 of Plaintiff's Complaint, and therefore deny the same.

4.      Defendants admit the allegation contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit the allegation contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit the allegation contained in paragraph 6 of Plaintiff's Complaint.

7.      Defendants aver that the document attached as Exhibit 1 to Plaintiff's Complaint speaks for itself.

8.      Defendants aver that the document attached as Exhibit 2 to Plaintiff's Complaint speaks for itself.

9.      Defendants admit that a copyright notice is displayed on the BuzzFeed, Inc. website. Defendants deny the remaining allegations of paragraph 9 of Plaintiff's Complaint.

10.     Defendants aver that the document attached as Exhibit 3 to Plaintiff's Complaint speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10 of Plaintiff's Complaint, and therefore deny the same.

## JURISDICTION

11.     To the extent that paragraph 11 is a conclusion of law, no response is required. Defendants deny the remaining allegations of paragraph 11 of Plaintiff's Complaint.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 12 of Plaintiff's Complaint, and therefore deny the same.

13.     Denied.

14.     Defendants aver that the document attached as Exhibit 4 to Plaintiff's Complaint speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 14 of Plaintiff's Complaint, and therefore deny the same.

15.     Defendants aver that the documents attached as Exhibits 4 and 5 to Plaintiff's Complaint speak for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 15 of Plaintiff's Complaint, and therefore deny the same.

16.     Defendants aver that the document attached as Exhibit 4 to Plaintiff's Complaint speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16 of Plaintiff's Complaint, and therefore deny the same.

17.     Defendants aver that the document attached as Exhibit 3 to Plaintiff's Complaint speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 17 of Plaintiff's Complaint, and therefore deny the same.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 18 of Plaintiff's Complaint, and therefore deny the same.

19.     Denied.

20.     Denied.

21.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 21 of Plaintiff's Complaint, and therefore deny the same.

22.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 22 of Plaintiff's Complaint, and therefore deny the same.

23.     Denied.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 24 of Plaintiff's Complaint, and therefore deny the same.

## VENUE

25.     To the extent that paragraph 25 is a conclusion of law, no response is required. Defendants deny that they are subject to jurisdiction of the United States District Court for the District of Colorado and deny that venue is proper in the United States District Court for the District of Colorado. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 25 of Plaintiff's Complaint, and therefore deny the same.

26.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 26 of Plaintiff's Complaint, and therefore deny the same.

## FACTS

27.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 27 of Plaintiff's Complaint, and therefore deny the same.

28.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 28 of Plaintiff's Complaint, and therefore deny the same.

29.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 29 of Plaintiff's Complaint, and therefore deny the same.

30.     Defendants aver that the document attached as Exhibit 5 to Plaintiff's Complaint speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 30 of Plaintiff's Complaint, and therefore deny the same.

31.     Defendants aver that the document attached as Exhibit 4 to Plaintiff's Complaint speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 31 of Plaintiff's Complaint, and therefore deny the same.

32.     Defendants aver that any use of the image displayed in Complaint Exhibit 3 constitutes fair use, for which no permission was required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 32 of Plaintiff's Complaint, and therefore deny the same.

33.     Defendants aver that any use of the image displayed in Complaint Exhibit 3 constitutes fair use, for which no permission was required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 33 of Plaintiff's Complaint, and therefore deny the same.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## FIRST CLAIM FOR RELIEF:
## DIRECT COPYRIGHT INFRINGEMENT

39.     Defendants incorporate the above responses herein by reference.

40.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 40 of Plaintiff's Complaint, and therefore deny the same.

41.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 41 of Plaintiff's Complaint, and therefore deny the same.

42.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 42 of Plaintiff's Complaint, and therefore deny the same.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 51 of Plaintiff's Complaint, and therefore deny the same.

52.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 52 of Plaintiff's Complaint, and therefore deny the same.

**SECOND CLAIM FOR RELIEF:**
**VICARIOUS COPYRIGHT INFRINGEMENT AS TO THE PUBLISHERS ONLY**

53.     Defendants incorporate the above responses herein by reference.

54.     Denied.

55.     Defendant BuzzFeed admits that it has the ability to remove content from its website. Defendants deny the remaining allegations of paragraph 55 of Plaintiff's Complaint.

56.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 56 of Plaintiff's Complaint, and therefore deny the same.

57.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 57 of Plaintiff's Complaint, and therefore deny the same.

58.     Defendants lack sufficient knowledge or information to form a belief as to the truth of paragraph 58 of Plaintiff's Complaint, and therefore deny the same.

**GENERAL DENIAL**

59.     Defendants deny each and every allegation, matter or thing contained in Plaintiff's Complaint, express or implied, not expressly admitted herein.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any relief, and request the entry of an order dismissing the Plaintiff's Complaint with prejudice, together with an award of all costs incurred in defending this action and further relief as the Court deems proper.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants set forth their defenses to Plaintiff's Complaint as follows:

1.      This Court lacks personal jurisdiction over the Defendants. Defendants do not transact business in, nor do the Defendants direct activities in or to Colorado, or to residents of Colorado. There is no evidence that anyone in Colorado, save Plaintiff's counsel, read or downloaded the image entitled "TSA Agent performs enhanced pat-downs" (the "Work") from the BuzzFeed website. Plaintiff's allegations regarding jurisdiction are not based on reasonable inquiry or good faith assertions of fact regarding this case or each Defendant but are solely the formulaic boiler-plate repetitions of unsupported legal elements and conclusions. Additionally, this Court lacks personal jurisdiction over Gavon Laessig because he has not been served with any copy of the Summons and Complaint.

2.      Plaintiff's Complaint should be dismissed for improper venue.

3.      Plaintiff lacks standing to assert the copyright infringement claim. *The Denver Post* and/or its corporate parent MediaNews Group, Inc. is or are the real party(ies) in interest.

4.      Upon information and belief, Plaintiff has failed to join all necessary and indispensable parties.

5.      Defendant Jonah Peretti is not a proper party to this action because he is not the publisher of any alleged infringement of Plaintiff's alleged copyrighted work. Defendant Peretti had no prior knowledge of the alleged infringement until he became aware of Plaintiff's claims through this lawsuit.

6.      The Complaint fails to state a claim upon which relief can be granted.

7.      Plaintiff's prayer for relief asking the Court to order the registrar of the Domain name "buzzfeed.com" to lock that Domain and transfer control of it to Plaintiff fails to state a claim on which relief can be granted, and is asserted solely for the purposes of harassment and

information.  Righthaven admitted in another action more than three months before filing the present action that such relief is not authorized under the Copyright Act, but still brought this unwarranted claim for relief against Defendants.[1]

8.      Plaintiff's prayer for relief asking the Court to award it attorney's fees fails to state a claim on which relief can be granted.

9.      Defendants have not infringed and do not infringe any copyrighted work owned by Plaintiff.

10.     Defendants acted in good faith and did not willfully infringe or otherwise violate any right alleged by Plaintiff.

11.     Plaintiff's copyright infringement claim is barred, in whole or in part, by the fair use defense, including but not limited to the fair use provisions of 17 U.S.C. § 107.

12.     Plaintiff's copyright infringement claim is barred, in whole or in part, based on copyright misuse. Among other things, Plaintiff does not seek to protect its copyright or to stop infringing activity. Upon information and belief, Plaintiff filed this action to obtain money in excess of the fair and reasonable value of the claimed infringement and to get compensation for its needless and punitive expenditure of legal and filing fees.

13.     Plaintiff's claims are barred because the alleged infringement was de minimis.

14.     Plaintiff's copyright infringement claim is barred by the First Amendment of the United States Constitution.

---

[1] *See Righthaven v. DiBiase*, 2:10-cv-01343-RLH-PAL, Dkt. 29 at 5:26–27 (Dec. 2, 2010) ("DiBiase's Motion also attacks Righthaven's request for surrender of the Website as a form of relief in this action. (Doc. # 17 at 2.) Righthaven concedes that such relief is not authorized under the Copyright Act.").

15.     Plaintiff's claims are barred in whole or in part by license(s), express and/or implied, granted or authorized to be granted by Plaintiff and/or the predecessor(s)-in-interest of the Work. Defendant was granted a license to reprint the Work through *The Denver Post*'s use of a link(s) and features encouraging the sharing of the Work via: (1) emailing the story; (2) recommending the article on facebook; (3) using the "Bookmark & Share" feature to share the article on more than 330 websites and social media outlets; and (4) linking the article on twitter.

16.     Plaintiff's claims are barred by one or more equitable defenses, including but not limited to the equitable defenses of illegality, waiver, estoppel, laches, acquiescence and/or unclean hands.

17.     Plaintiff's failure to provide notice of the alleged infringement before suing bars it from seeking equitable relief.

18.     Plaintiff's claims against Defendants are without substantial justification, vindictive, vexatious and an abuse of process.

19.     Plaintiff's claims are barred by the doctrine of de minimis non curat lex (the law cares not for trifles).

20.     Plaintiff has not suffered any damages by any alleged conduct of Defendants.

21.     Plaintiff is not entitled to statutory damages, attorney's fees, pre-judgment or post-judgment interest under the law.

22.     Any damages alleged to be suffered by Plaintiff have been caused by Plaintiff's own conduct, and not by any conduct attributable to Defendants.

23.     Any recovery of damages by Plaintiff is limited in whole or in part by the failure of Plaintiff to mitigate its damages. Plaintiff delayed bringing the claim to Defendants' attention

when, among other things, it knew Defendants and others like Defendants likely would have promptly removed the Work without the need of litigation and upon the receipt of a simple and less costly inquiry or cease and desist letter. Plaintiff's costs and fees in initiating the action were needless and unreasonable.

24.     Plaintiff's claim for damages, if any, are limited by Defendants' innocent intent.

25.     To the extent that it is adjudged that Plaintiff is entitled to any damages (which it is not), any award of damages must be limited by the relevant statutory provision under Federal law.

26.     Defendants specifically reserve the right to supplement and/or amend these Defenses to Plaintiff's Complaint.

## DEFENDANTS' COUNTERCLAIMS

For its counterclaims against Righthaven, LLC, Counterclaimant BuzzFeed, Inc. and Jonah Peretti state the below.

Counterclaimants BuzzFeed and Mr. Peretti, by their undersigned attorneys, individually and on behalf of the class described below ("Class Plaintiffs"), bring this class action against Counterclaim Class Defendant Righthaven ("Class Defendant") for unfair and deceptive trade practices under Colorado Revised Statute § 6-1-105.

## NATURE OF THE ACTION

1.     Upon information and belief, Righthaven is in the business of bringing copyright infringement litigation against people and entities that post on the Internet full or partial works for which Righthaven claims copyright ownership.

2.      To date, Righthaven has brought suit for copyright infringement against at least

275 people or entities, including Counterclaimants BuzzFeed and Mr. Peretti.

3.      BuzzFeed and Mr. Peretti have not infringed on Righthaven's alleged exclusive

rights in the Work, and thus seek a declaration of non-infringement and fair use.

4.      Righthaven's suit against BuzzFeed, Mr. Peretti and Mr. Laessig was an abuse of

process that has caused Defendants to suffer damages because the suits were brought in bad

faith, as shown by: (1) Righthaven's failure to send Defendants any type of notice and takedown

communication prior to filing this lawsuit; (2) Righthaven's attempts to seek relief to which it

knows it is not entitled, including its request to lock the Defendants' Domain and transfer control

of the Domain to Righthaven; (3) Righthaven's assertion that it is "the owner of the Copyright in

and to the Work," when, upon information and belief, it is not; (4) Righthaven's failure to

investigate or adequately allege personal jurisdiction before filing this lawsuit; (5) Righthaven's

failure to investigate whether Defendants' use was fair and appropriate under the Copyright laws

before filing this lawsuit; and (6) Righthaven's efforts to abuse the legal system by threatening

statutory damages and locking and transfering control of Defendants' Domain simply to extract a

monetary settlement from Defendants.

5.      All of this conduct was motivated solely to intimidate Defendants and extract

settlement money.

6.      Because there are at least 275 other cases Righthaven has similarly brought, Class

Plaintiffs bring a claim as a class action on behalf of persons and entities that have been sued for

alleged copyright infringement, as defined below, by Defendant Righthaven, its subsidiaries,

agents or co-conspirators during the period from January 1, 2010 to the present ("Class Period").

7.      Class Plaintiffs are victims of extortion litigation by Righthaven, which has made

such extortion litigation a part of its, if not its entire, business model.

8.      As a result of Righthaven's unlawful actions, Class Plaintiffs and members of the

proposed class were forced either to fight needless litigation or to pay Righthaven a settlement

fee, which they would not have had to pay, had Righthaven engaged in legitimate business

practices.

## PARTIES

9.      BuzzFeed, Inc., is operated out of New York, New York, with a principal place of

business at 113 Spring Street, New York, NY 10012.

10.     BuzzFeed, Inc. owns and operates a website called "buzzfeed.com".

11.     Buzzfeed.com is an international, informational and interactive news site that

keeps track of the viral web in real time and highlights the news as it emerges on the Internet. In

essence, buzzfeed.com filters down a plethora of news and information from a myriad of sources

available on the Internet to the most newsworthy stories—judged by what is being read, "liked",

shared and commented on the most.

12.     Jonah Peretti is a cofounder of BuzzFeed, Inc. Mr. Peretti is a resident of New

York state.

13.     Righthaven, LLC alleges that it is a Nevada limited-liability company. Upon

information and belief, Righthaven, LLC's principal place of business is 9960 W. Cheyenne

Ave., #210, Las Vegas, NV, 89129-7702.

14.     Upon information and belief, Righthaven is in the business of trolling the Internet

for alleged copyright violations, bringing copyright infringement litigation against people and

entities it alleges are infringers with no notice to the alleged infringers or pre-litigation request for a take-down, demanding large amounts of monetary damages, attorneys fees, and relief in the form of a Domain lock and Domain name transfer, and then settling those litigations.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over the Class Plaintiffs' counterclaims as at least one of the counterclaims arise under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

16.     Even though Class Plaintiffs contest this Court's personal jurisdiction over them, this Court has personal jurisdiction over Righthaven, at least in view of the fact that Righthaven has chosen to submit itself to the jurisdiction of this Court in its Complaint.

17.     Even though Class Plaintiffs contest that venue is proper within this Court, venue is proper for their counterclaims, at least in view of the fact that Righthaven has chosen to bring this action in this Court and a substantial part of the events giving rise to the Class Plaintiffs' claims occurred in this District.

## GENERAL ALLEGATIONS

*Righthaven's Complaint Against BuzzFeed, Mr. Peretti and Mr. Laessig*

18.     Righthaven's Complaint alleges that Righthaven owns the copyright for the photograph entitled "TSA Agent performs enhanced pat-downs" (the "Work").

19.     Righthaven's alleged Work, as defined in Plaintiff's Complaint, first appeared in a news article in *The Denver Post* on November 18, 2010. The article, entitled "Controversy over pat-downs, body scans lands at DIA," concerned new security procedures at Denver International

Airport ("DIA") and the impact on travelers. The content of the news article was primarily informational, factual and/or news.

20.     Mr. Laessig included the Work in a post commenting on the current state of airport security on buzzfeed.com on November 18, 2010.

21.     Righthaven's Complaint alleges that BuzzFeed, Mr. Peretti and Mr. Laessig have engaged in activities that constitute direct copyright infringement and willful copyright infringement of the Work, and that Plaintiff has been damaged as a result of the infringement.

22.     BuzzFeed, Mr. Peretti and Mr. Laessig deny Plaintiff's allegations.

*Righthaven's Complaints Against Other Alleged Copyright Infringers*

23.     Upon information and belief, since March 13, 2010 and as of May 16, 2011, Righthaven has initiated at least 275 copyright infringement actions in United States District Courts.

24.     Upon information and belief, Righthaven targets individual bloggers, nonprofits and small businesses that are more likely to settle out of court to avoid paying legal fees.

25.     Upon information and belief, Righthaven files the lawsuits first, without adequate notice and without pursuing other available remedies (e.g., attribution or takedown requests directly to the alleged infringer, formal Digital Millennium Copyright Act takedown requests to search engines so that the alleged infringing work does not appear in search results, licensing agreements with the alleged infringer, etc.).

26.     Upon information and belief, Righthaven has settled about half, or approximately 150, of the copyright litigations it has initiated.

27.     Upon information and belief, if an alleged infringer makes substantive objections

to Righthaven's complaint against it, including but not limited to filing an Answer, Counterclaim

for a Declaratory Judgment of Non-Infringement, or a Motion to Dismiss, Righthaven seeks

voluntary dismissal of its complaint against the alleged infringer.

28.      Upon information and belief, Righthaven voluntarily dismisses the copyright

litigations it has initiated if it foresees that it will need to engage in substantive litigation with the

alleged infringer.

29.      Upon information and belief, Righthaven initiates the majority of its copyright

infringement actions in the District of Nevada and the District of Colorado.

*Righthaven's Nevada Actions*

30.      Upon information and belief, a majority, if not all, of the copyright infringement

actions that Righthaven has brought in the District of Nevada concern copyrights that were

owned or are still owned by Stephens Media LLC.

31.      Upon information and belief, Stephens Media owns the Las Vegas Review-

Journal, the newspaper in which many of the copyrighted works that Righthaven has asserted in

the District of Nevada first appeared.

32.      Upon information and belief, Stephens Media and Righthaven entered into the

Strategic Alliance Agreement ("SAA"), which gives Righthaven the right to seek redress for

past, present and future infringement of certain Stephens Media copyrighted works, and also

grants Stephens Media an exclusive license to continue to display or otherwise use the allegedly

assigned copyrighted works.

33.      Upon information and belief, the SAA provides that Righthaven is to pay to

Stephens Media fifty percent (50%), minus costs advanced or incurred by Righthaven, of any

resolution of a copyright infringement action for which Stephens Media previously owned the copyright but now allegedly owns an exclusive license.

34.     Upon information and belief, at least one alleged infringer against whom Righthaven brought a copyright infringement action has challenged Righthaven's claim of copyright ownership and questioned the validity of the SAA and the underlying assignments.

35.     Upon information and belief, as a result of at least one alleged infringer's challenge to Righthaven's claim of copyright ownership, Righthaven and Stephens Media executed a Clarification and Amendment to the Strategic Alliance Agreement ("Amendment"),which is allegedly effective January 18, 2010, but was not executed until May 9, 2011.

36.     Upon information and belief, the Amendment revises the SAA such that any license Stephens Media has is non-exclusive, and Stephens Media will pay the amount of One Dollar and Zero Cents ($1.00) per year to Righthaven as a license or royalty for each Stephens Media Assigned Copyright and as consideration for the license granted by the SAA and the Amendment ("License Fee").

37.     Upon information and belief, the Amendment was executed in response to an another alleged infringer's challenge to Righthaven's standing to bring suit in a similar action related to alleged infringement of copyrights allegedly assigned from Stephens Media, and is a post hoc attempt to cure those standing issues.

38.     Upon information and belief, when the Amendment was executed on May 9, 2011, Righthaven had already settled over 120 copyright infringement actions in which Righthaven asserted it was the owner of the copyrighted work at issue.

*Righthaven's Colorado Actions*

39.     Upon information and belief, Righthaven has filed at least fifty-seven copyright infringement actions in the District of Colorado. Thirty-seven of those actions, including the instant case against BuzzFeed, Mr. Peretti and Mr. Laessig, are currently active.

40.     Upon information and belief, a majority if not all of the copyright infringement actions that Righthaven has brought in the District of Colorado concern copyrights that were owned or are still owned by MediaNews Group, Inc.

41.     Upon information and belief, MediaNews Group owns *The Denver Post*, the newspaper in which many of the copyrighted works that Righthaven has asserted in the District of Colorado first appeared.

42.     Upon information and belief, MediaNews Group and Righthaven have entered into an agreement similar to the SAA that Righthaven entered into with Stephens Media.

## CLASS ACTION ALLEGATIONS

43.     Class Plaintiffs bring this action on behalf of themselves, and as a class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class ("Class"):

44.     All individuals and entities who, during the period from January 1, 2010 through the present ("Class Period"), were accused of alleged copyright infringement by Class Defendant Righthaven and were sued in the United States District Court for the District of Colorado. Excluded from the Class are Class Defendant Righthaven and its parents, subsidiaries, affiliates and co-conspirators and all governmental entities.

45.     Class Plaintiffs do not know the exact number of Class members because such

information is in the exclusive control of Defendants. Plaintiff believes that, due to the nature of the accusations involved, there are numerous Class members such that joinder of all Class members is impracticable.

46.     Class Plaintiffs are a member of the Class. Class Plaintiffs' claims are typical of the claims of the Class members in that Class Plaintiffs have been sued by Class Defendant Righthaven for alleged copyright infringement, all Class members were damaged by the same wrongful conduct of Class Defendant Righthaven as alleged herein, and Class Plaintiffs seek the same relief as does the Class.

47.     If the Class Defendant is not enjoined from engaging in these deceptive  practices in the future, additional members of the Class will suffer.

48.     Numerous questions of law or fact common to the Class arise from Class Defendant Righthaven's unfair and deceptive conduct. Among the questions of law or fact common to the Class are:

(a)     whether Righthaven engaged in unfair and deceptive trade practices;

(b)     whether Righthaven's conduct caused Class Plaintiffs to engage in needless and costly litigation or pay a settlement fee to Righthaven to end needless litigation;

(c)     whether Righthaven's unfair and deceptive trade practices caused Class Plaintiffs to suffer injury to their business or property;

(d)     whether Defendants' violated Colorado Revised Statute § 6-1-105; and

(e)     the appropriate measure of damages sustained by Class Plaintiffs and other members of the Class.

49.     These questions of law or fact are common to the Class, and predominate over

any other questions affecting only individual Class members.

50.     Class Plaintiffs will fairly and adequately represent the interests of the Class in that it is a typical defendant in a Righthaven alleged copyright infringement action and has no conflicts with any other members of the Class. Also, Plaintiffs have retained competent counsel experienced in copyright litigation and unfair and deceptive trade practices litigation.

51.     A class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

52.     Prosecution of separate actions by individual Class members would be inefficient and create the risk of inconsistent or varying adjudications. Class treatment will also allow the adjudication of relatively small claims by many Class members who otherwise could not afford to litigate an unfair and deceptive trade practices claim to vindicate and/or protect their rights.

53.     This action presents no difficulties in management that would preclude maintenance as a class action.

54.     The Class is also easily definable because records of the parties whom Righthaven has accused of copyright infringement during the Class Period should exist in the Class Defendant's files.

55.     Injunctive and monetary relief is appropriate as to the Class as a whole because the Class Defendant has acted or refused to act on grounds generally applicable to the Class.

56.     Class Plaintiffs reserve the right to expand, modify or alter the Class definition in response to information learned during discovery.

## FIRST COUNTERCLAIM FOR RELIEF:
## DECLARATORY JUDGMENT OF FAIR USE

57.     Class Plaintiffs reallege paragraphs 1–56 of this counterclaim as though fully set forth herein.

58.     Pursuant to 17 U.S.C. § 107, a fair use is not an infringement of the rights of a copyright holder.

59.     Class Plaintiffs' alleged use of the Work, to the extent there was a use, was a fair use because the Work was used in a manner designed to generate political discussion and comment on matters of public concern.

60.     Class Plaintiffs' alleged use of the Work was contained in a news-style blog posting designed to provide information, including a link to *The Denver Post* article featuring the Work, and to stimulate debate and foster political comments and discussion as to the current state of airport security in the United States.

61.     BuzzFeed, Inc. targets a substantially different audience than that of the Colorado-focused *The Denver Post* newspaper.

62.     BuzzFeed, Inc. does not receive any financial benefit above and beyond web advertising. No specific financial benefit can be attributed to the posting containing the Work.

63.     Accordingly, there is an actual controversy between Class Plaintiffs and Righthaven as to the non-infringement and BuzzFeed and Mr. Peretti's fair use of the Work.

64.     Absent a declaration of non-infringement and fair use, Plaintiff will continue to wrongfully assert the Work against Class Plaintiffs and thereby cause them injury.

65.     Class Plaintiffs are entitled to a Declaration that they have not infringed and do not infringe the Work because any use by Defendants was a fair use.

## SECOND CLAIM FOR RELIEF:
## FIRST ABUSE OF PROCESS CLAIM

66.     Class Plaintiffs reallege paragraphs 1–65 of these counterclaims as though fully set forth herein.

67.     Righthaven has invoked legal process by bringing a copyright infringement action against Class Plaintiffs.

68.     The purpose of copyright law is "to promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Constitution, Article 1 section 8.

69.     Copyright infringement actions seek to redress unauthorized or prohibited use of works under copyright, where the use has infringed on the copyright holder's exclusive rights.

70.     In bringing the Complaint for copyright infringement against Class Plaintiffs, Righthaven had an ulterior purpose in the use of judicial proceedings, namely not to pursue its exclusive rights in the Work, but to negotiate in bad faith a settlement with the Defendants quickly after filing the action. This bad faith is shown by: (1) Righthaven's failure to send the Class Plaintiffs any type of notice and takedown communication prior to filing this lawsuit; (2) Righthaven's attempts to seek relief to which it knows it is not entitled, including its request to lock the Class Plaintiffs' Domain and transfer control of the Domain to Righthaven; (3) Righthaven's assertion that it is "the owner of the Copyright in and to the Work," when, upon information and belief, it is not; (4) Righthaven's failure to investigate or adequately allege personal jurisdiction before filing this lawsuit; (5) Righthaven's failure to investigate whether the Class Plaintiffs' use was fair and appropriate under the Copyright laws before filing this lawsuit; and (6) Righthaven's efforts to abuse the legal system by threatening statutory damages and

locking and transfering control of Defendants' Domain simply to extract a monetary settlement from Defendants.

71.     Righthaven is not using the copyright litigation process in the manner in which it was intended.

72.     By using legal process for this ulterior purpose, Righthaven has used a copyright infringement action not as a means to redress unauthorized or prohibited use, but as a way of encouraging, if not forcing, the Class Plaintiffs to pay a sum before the merits of Righthaven's claim and Class Plaintiffs' defenses are adjudicated.

73.     Righthaven willfully brought the copyright infringement litigation against BuzzFeed, Mr. Peretti and Mr. Laessig to harass them and to further its improper objective.

74.     Before bringing the copyright infringement litigation against BuzzFeed, Mr. Peretti and Mr. Laessig, Righthaven neither sought to notify BuzzFeed, Mr. Peretti and Mr. Laessig of the alleged infringement or impending litigation, nor to mitigate the problem in a less litigious manner (e.g., takedown request, license, attribution, etc.).

75.     Righthaven's copyright infringement action has the capacity to adversely affect the Class Plaintiffs' legal interests, namely the potential for being liable to Righthaven for damages, costs, disbursements, attorney's fees, pre- and post-judgment interest and being required to lock the buzzfeed.com domain name and transfer control of the domain name to Righthaven.

76.     Class Plaintiffs have suffered damages that are the direct and proximate cause of Righthaven's abusive use of the copyright litigation process and that are reasonably ascertainable.

77.     Class Plaintiffs have incurred significant costs in defending Righthaven's copyright litigation lawsuit that amounts to an abuse of process.

### THIRD CLAIM FOR RELIEF:
### SECOND ABUSE OF PROCESS CLAIM

78.     Class Plaintiffs reallege paragraphs 1–77 of these counterclaims as though fully set forth herein.

79.     Righthaven has invoked legal process by bringing a copyright infringement action against Class Plaintiffs.

80.     A court must have personal jurisdiction over a party in order to enforce its rulings and decrees over that party.

81.     A plaintiff has the obligation of investigating and determining which court would have personal jurisdiction over the party that plaintiff intends to sue before bringing suit against the party.

82.     Righthaven, the plaintiff in this action, brought suit against Class Plaintiffs in the United States Court for the District of Colorado.

83.     Class Plaintiff Peretti is not a resident of the State of Colorado, nor has he purposely availed himself of the privileges and immunities of the State of Colorado, nor established minimum contacts with the State of Colorado.

84.     Class Plaintiff BuzzFeed is neither incorporated nor has its principle place of business in the State of Colorado, nor has it purposely availed itself of the privileges and immunities of the State of Colorado, nor established minimum contacts with the State of Colorado.

85.   Righthaven willfully brought suit in the State of Colorado without any valid argument for personal jurisdiction over BuzzFeed or Mr. Peretti.

86.   Righthaven brought suit in the State of Colorado against Class Plaintiffs not to seek the relief requested in the lawsuit, but for the ulterior motive of requiring the Class Plaintiffs to spend money litigating in an inconvenient forum and in the expectation that the Class Plaintiffs would abandon their defenses.

87.   Class Plaintiffs have suffered damages that are the direct and proximate cause of Righthaven's abusive use of the litigation process and that are reasonably ascertainable.

88.   Class Plaintiffs have incurred significant costs in defending Righthaven's District of Colorado copyright litigation lawsuit that amounts to an abuse of process.

## FIRST CLASS ACTION CLAIM FOR RELIEF:
## UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER C.R.S. § 6-1-105

89.   Class Plaintiffs reallege paragraphs 1–88 of these counterclaims as though fully set forth herein.

90.   Righthaven's business plan is to obtain colorable title to copyrighted works and then to initiate and settle copyright infringement actions against alleged infringers, prior to adjudication of the action.

91.   Righthaven has implemented this plan in at least 275 instances through out the United States, including fifty-seven actions in the District of Colorado.

92.   Righthaven has engaged in deceptive trade practices as the term is defined under C.R.S. § 6-1-105.

93.   Righthaven has engaged in a deceptive trade practice at least by:

(a)     Knowingly falsely representing that it is the owner of the allegedly copyrighted works in question;

(b)     Passing off another party's copyrighted works as their own; and

(c)     Using scare-tactics to extort litigation settlement, such as initiating litigation without an appropriate basis for jurisdiction and requesting relief including the transfer of the alleged infringer's website domain name—a remedy Righthaven knows it is not entitled to.

94.     The above representations made by Righthaven were false and were made fraudulently, willfully and knowingly with the intent to harm the Class Plaintiffs and members of the Class.

95.     By engaging in these unfair and deceptive trade practices, Righthaven had the intent to injure competitors and to destroy or substantially lessen competition.

96.     As a result of Righthaven's unfair and deceptive trade practices, Class Plaintiffs and the members of the Class have suffered damages.

## SECOND CLASS ACTION CLAIM FOR RELIEF: INJUNCTIVE RELIEF

97.     The Class Plaintiffs reallege paragraphs 1–96 of these counterclaims as though fully set forth herein.

98.     Righthaven's actions, as described above, threaten to permanently deprive Class Plaintiffs and members of the Class of certain fair use and First Amendment rights.  As such, Class Plaintiffs and members of the Class are being imminently and irreparably harmed by Righthaven's actions.

99.     Class Plaintiffs and members of the Class have a reasonable probability of success on the merits of their claims for relief, as stated above.

100.    Class Plaintiffs and members of the Class have no adequate remedy at law that will compensate them for such violation of their fair use and First Amendment rights.

101.    Injunctive relief will serve the public interest because it will prevent Righthaven from further engaging in abusive litigation, unfair and deceptive trade practices and fraudulent misrepresentations.

102.    The balance of equities favors an injunction.

103.    Injunctive relief will preserve the status quo of Class Plaintiffs and members of the Class' legitimate fair use and First Amendment Rights pending a trial on the merits.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, having fully answered Plaintiff Righthaven's Complaint, Defendants, Counterclaimants and Class Plaintiffs BuzzFeed, Inc. and Jonah Peretti pray for judgment against Righthaven as follows:

(a)     That Righthaven take nothing as the result of any of its claims for relief against Defendants;

(b)     That Righthaven's Complaint in this action against Defendants be dismissed with prejudice;

(c)     Declaring and entering judgment that neither BuzzFeed, Inc. nor Jonah Peretti have infringed or do infringe Plaintiff's copyright in the photo allegedly protected by U.S. copyright registration number VA0001751279 because either there was no use or BuzzFeed, Inc. and/or Jonah Peretti's use was a fair use;

(d)     That the Court assess compensatory damages against Righthaven in an amount to be determined for Righthaven's abuse of process;

(e)     That Defendants be awarded their costs and expenses including reasonable attorney's fees incurred in defending this action pursuant to 17 U.S.C. § 505 and pursuant to Defendants' abuse of process counterclaims; and

(f)     A declaration that this class action is a proper class action under Rule 23(a), (b)(2), and (b)(3) of Federal Rules of Civil Procedure, and adjudge Class Plaintiffs to be an adequate representative thereof;

(g)     An adjudication that Righthaven's alleged copyright infringement litigations amount to unfair and deceptive trade practices under C.R.S. § 6-1-105;

(h)     An injunction permanently enjoining Righthaven, its affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof, from continuing the unfair and deceptive trade practices alleged herein or from engaging in any other unfair and deceptive trade practices having a similar purpose or effect against Class Plaintiffs and any other member of the Class;

(i)     An award to Class Plaintiffs and each member of the Class for damages, as provided by law, and joint and several judgments in favor of Class Plaintiff and each member of the Class against Righthaven;

(j)     An award to Class Plaintiff and the Class members for the expenses and costs of this suit, and reasonable attorney's fees, as provided by law;

(k)     An award to Class Plaintiff and the Class members for pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

(l)      An award for such other and further relief as the nature of this case may require or as this Court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a jury trial on all issues triable by jury.

Dated May 16, 2011

s/ Peter J. Korneffel, Jr.
Peter J. Korneffel, Jr.
Kathryn R. Rothman
Kathryn A. Barrett
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202-4432
Phone: 303.223.1100

Attorneys for Defendants BuzzFeed, Inc.,
Jonah Peretti

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of May, 2011, a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND COUNTERCLAIMS AND CLASS ACTION COUNTERCLAIM** was filed via the CM/ECF System and a notice of such filing will be sent to:

<u>s/ Steven G. Ganim</u>
Steven G. Ganim
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

Attorney for Plaintiff Righthaven, LLC

<u>s/Kathryn R. Rothman</u>