**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00811-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

BUZZ FEED, INC., a Delaware corporation; JONAH PERETTI, an individual; and GAVON LAESSIG, an individual,

        Defendants.

---

**RIGHTHAVEN LLC'S RESPONSE TO ORDER TO SHOW CAUSE WITH CERTIFICATE OF SERVICE**

---

    Righthaven LLC ("Righthaven") hereby responds to the Court's Order to Show Cause (the "OSC") requesting it to show cause why summary judgment should not be entered against it in this case pursuant to Federal Rule of Civil Procedure 56(f)(3) ("Rule 56(f)(3)") based on the decision entered in *Righthaven LLC v. Wolf,* Case No. 1:11-cv-830 (D. Colo. Sept. 27, 2011) (Doc. # 49) ("*Wolf*"), which determined subject matter jurisdiction was lacking over the company's copyright infringement complaint in that action. Righthaven asserts that applying the rationale of the *Wolf* decision to the case at bar would be clear error. Accordingly, Righthaven asks the Court to refrain from doing so.

    **I.    INTRODUCTION**

    Righthaven maintains that entry of summary judgment is inappropriate in this action based upon application of *Wolf* because the Court improperly converted the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). (Doc. # 49

at 3-4.) The Court based its conversion from the defendant's requested dismissal pursuant to Rule 12(b)(1) to a request under Rule 56 by concluding that its subject matter jurisdiction analysis was inexorably intertwined with the merits of Righthaven's copyright infringement claim. (Doc. # 49 at 3-4.) Under such an analysis, the Court cannot determine a lack of subject matter jurisdiction, but must assume subject matter jurisdiction and adjudicate the merits of the claim before it. Alternatively, the Court can perform a substantive analysis of subject matter jurisdiction under Rule 12(b)(1). Should it determine subject matter jurisdiction is lacking, the Court must dismiss the action without prejudice. Simply put, the Court cannot find a lack of subject matter jurisdiction pursuant to Rule 56 so that it results in an adjudication on the merits simply by maintaining the jurisdictional issues are intertwined with the merits. Unfortunately, this is exactly what the Court determined in *Wolf*. (*Id.* at 14.)

Secondly, Righthaven maintains that even if the Court's Rule 56 analysis were proper, it was erroneously determined. In essence, while the Court appears to have examined the Assignment and the Copyright Alliance Agreement ("CAA") under a plain meaning analysis, other portions of its decision indicates the existence of certain ambiguities the relied upon language. (*Id.* at 12-13.) When presented with these ambiguities, the Court did not construe then in the light most favorable to the non-moving party, Righthaven, as is required under a Rule 56 analysis. (*Id.*) Rather, the Court made its own determination as to what it believed to be the proper interpretation of these ambiguous terms. (*Id.*) While the Court would be at liberty employ this approach under a Rule 12(b)(1) analysis, it is not permitted to do so under a Rule 56 analysis. Accordingly, the Court's construction of the Assignment in view of the CAA precludes the decision in *Wolf* from being properly applied to the case at bar based on Rule 56(f)(3).

The Court's analysis in *Wolf* additionally erred in its analysis of the effectiveness of the Assignment. In short, the Assignment viewed in concert with the allegations of the complaint and the CAA properly vests the Court with federal question subject matter jurisdiction. Whether or not these contractual documents sufficiently meet the beneficial or legal ownership required

under 17 U.S.C. § 501(b) is a merits-based determination – not a jurisdictional determination. To the extent the Court wishes to examine these materials under a subject matter jurisdiction analysis, it is empower to do so under Rule 12(b)(1) or under Federal Rule of Civil Procedure 12(h)(3) ("Rule 12(h)(3)"). It cannot make a subject matter determination, which precludes an adjudication on the merits, under Rule 56. Subject matter jurisdiction must be found to exist in order to make a merits-based adjudication under Rule 56. Accordingly, since the Court found a want of subject matter jurisdiction under Rule 56, it employed an improper analysis in *Wolf* that should not be extended to this action.

       The Court's finding that subject matter jurisdiction was lacking is also important because such a determination precludes an award of attorneys' fees and costs under 17 U.S.C. § 505 ("Section 505"). The Court authorized an award of attorneys' fees and cots under Section 505 in *Wolf*. (Doc. # 49 at 14.) The Court's award, however, was erroneously based on the premise that it was authorized to perform a merits-based jurisdictional analysis under Rule 56. This it cannot do. Rather, as stated above, a subject matter jurisdictional analysis should have been performed under Rule 12(b)(1) or *sua sponte* under Rule 12(h)(3). If a determination that subject matter is lacking is made, the action must be dismissed without prejudice and an adjudication on the merits has not been obtained. An award of attorneys' fees and costs is not permitted when subject matter jurisdiction is absent unless they are issued as a sanction. Moreover, multiple circuits have determined that an award of attorneys' fees and costs under Section 505 is precluded when a case is dismissed for lack of subject matter jurisdiction. Granted, as acknowledged by the Court during oral argument, this issue has not been decided by the Tenth Circuit. This uncertainty aside, it remains that a finding that subject matter jurisdiction is absent, as the Court found in *Wolf*, cannot support an award of attorneys' fees and costs under Section 505 or otherwise. The Court's conclusion that such an award was permissible under Rule 56 is error that cannot be applied to the case at bar.

Finally, Righthaven understands the Court may not be inclined to alter its analysis in the *Wolf* decision. Granted, the Court was faced with some considerably thorny issues without the benefit of clear Tenth Circuit authority to assist in its analysis. These circumstances, however, do not justify a wholesale application of the *Wolf* decision to the cases in which Righthaven has submitted a substantive response to the Court's OSC. Rather, these circumstances genuinely support staying the actions to which Righthaven has filed an OSC response until the Tenth Circuit adjudicates the *Wolf* decision. In most of these actions, there has been little, if any, substantive litigation beyond an answer and maybe an asserted counterclaim. Adopting the *Wolf* decision to these actions would only serve to present numerous individual cases to the Tenth Circuit in which each defending party's counsel will want to brief and argue matters that will already be sufficiently and competently handled by Mr. Wolf's and *amici counsel*. While at first blush consolidation may seem to present a means of handling this situation, it does not. At best, oral arguments in several cases will heard by the same panel on the same day by the Tenth Circuit. Consolidation would amount to nothing more than the proverbial attempt at herding cats, which each defense counsel looking to make a written submission to the Tenth Circuit. Righthaven trusts, based on this Court's service by designation at the Tenth Circuit, that it appreciates the fact that less material is often more beneficial when briefs are submitted on appeal. Accordingly, Righthaven asks the Court to stay the matters in which is has submitted substantive OSC responses until the *Wolf* decision is adjudicated on appeal by the Tenth Circuit.

Alternatively, Righthaven asks the Court to take the approach that it believes is required by controlling case law – dismiss the other pending actions for lack of subject matter jurisdiction without prejudice pursuant to Rule 12(b)(1) or Rule 12(h)(3). If the Court wishes to dismiss pursuant to Rule 56, however, it must first determine that Righthaven has subject matter jurisdiction to maintain its copyright infringement action. Finding a lack of subject matter jurisdiction and entering an adjudication on the merits pursuant to Rule 56 is simply irreconcilable with existing case law.

## II.     ARGUMENT

### A.     The Court Should Not Apply The *Wolf* Decision To The Case At Bar Because It Improperly Converted The Defendant's Rule 12(b)(1) Motion To A Motion For Summary Judgment In Concluding Subject Matter Jurisdiction Was Absent.

The threshold reason the *Wolf* decision should not be applied to the case at bar is an apparent misunderstanding by the Court of its ability to convert a Rule 12(b)(1) dismissal request into one under Rule 56 "when the resolution of jurisdictional issues is intertwined with the merits of [a] case . . . ." (Doc. # 49 at 3.) While the Court is correct is recognizing its ability to convert a Rule 12(b)(1) motion to a motion for summary judgment under Rule 56, it apparently proceeded under the mistaken belief that it could adjudicate the existence of subject matter jurisdiction on the merits. (*Id.*) Such an analysis is clear error. When converting a Rule 12(b)(1) motion to a motion under Rule 56, the Court must assume subject matter jurisdiction and adjudicate the claim before it on the merits.

Tenth Circuit authority, as well as authority from other circuits, clearly supports Righthaven's assertion that a court must assume subject matter jurisdiction before adjudicating a claim on the merits by converting a Rule 12(b)(1) motion to one under Rule 56. *See Tilton v. Richardson,* 6 F.3d 683, 685 (10th Cir. 1993); *see also Kerns v. United States,* 585 F.3d 187, 193 (4th Cir. 2009); *Montez v. Dep't of Navy,* 393 F.3d 147, 159 (5th Cir. 2004); *Safe Air For Everyone v. Meyer,* 373 F.3d 1035, 1040 (9th Cir. 2004); *Clark v. Tarrant County,* 798 F.2d 736 (5th Cir. 1986). Based on Supreme Court authority along with a host of decision from its own court, the Tenth Circuit has explained:

> In this instance, **the question of whether the court had subject matter jurisdiction was intertwined with the merits of the case, and therefore the district court should have ruled on the merits rather than dismiss for lack of jurisdiction.** The exception to this rule is that subject matter does not exist if: (1) the alleged claim was clearly immaterial and asserted

> solely for the purpose of obtaining jurisdiction; or (2) the alleged claim
> was insubstantial and wholly frivolous. *Bell v. Hood,* 327 U.S. 678, 681-
> 82, 66 S.Ct. 773, 775-76, 90 L.Ed. 939 (1946); *see also In re Redmon v.
> United States,* 934 F.2d 1151, 1155 (10th Cir. 1991); *Wheeler v.
> Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987); *Wilhelm v. Continental
> Tire Co.,* 720 F.2d 1173, 1174 (10th Cir. 1983).

*Tilton,* 6 F.3d at 685 (emphasis added).  The Tenth Circuit's analysis further stated that absent a federal claim being insubstantial "the district court and this court have jurisdiction and the matter must and will be addressed on the merits . . . ." *Id.*

As mentioned, the Tenth Circuit's decision in *Tilton* cited the Supreme Court decision in *Bell* as support for its conclusion.  The Tenth Circuit has been joined by other circuit courts in cited the *Bell* decision for exactly the same premise. *See Kerns,* 585 F.3d at 193; *Meyer,* 373 F.3d at 1039-40; *Clark,* 798 F.2d at 741-42.  Specifically, the Supreme Court in *Bell* stated:

> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint sates a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. ***If the court does later exercise its jurisdiction to determined the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for a want of jurisdiction . . . .*** The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous.

*Bell,* 327 U.S. at 681-82 (emphasis added).

As recognized by the Ninth Circuit, "[j]ursidictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell*

*v. Hood . . . ." Sun Valley Gas., Inc. v. Ernst Enters.,* 711 F.2d 138, 140 (9th Cir. 1983). Likewise, the Fifth Circuit has stated:

> Where the challenged to the court's jurisdiction is also a challenge to the existence of a federal cause of action, and assuming that the plaintiff's federal claim is neither insubstantial, frivolous, nor made solely for the purpose of obtaining jurisdiction, ***the district court should find that it has jurisdiction over the case and deal with the defendant's challenge as an attack on the merits.***

*Clark,* 798 F.2d 742 (emphasis added); *accord Meyer,* 373 F.3d 1039-40.

In *Wolf,* the Court improperly converted the defendant's Rule 12(b)(1) dismissal request to a request for summary judgment under Rule 56 ***to conclude Righthaven lacked standing to maintain its copyright infringement action.*** (Doc. # 49 at 14.) In so doing, the Court used a procedural mechanism, Rule 56, to perform a merits-based analysis to conclude it lacked subject matter jurisdiction over the case. As the above authorities mandate, this is clear error. Once the Court determined that the jurisdictional facts were intertwined with the merits, it was required to find that subject matter jurisdiction was present in order to perform an analysis under Rule 56.

Alternatively, the Court was empowered to independently evaluate the facts under a Rule 12(b)(1) analysis, which would require a dismissal without prejudice should it determined that subject matter jurisdiction was absent. *See* FED. R. CIV. P. 41(b) (involuntary dismissal for lack of jurisdiction is not an adjudication on the merits); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) (A dismissal for lack of subject matter jurisdiction must be without prejudice because "the court, having determined it lacks jurisdiction over the action is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); *Exploration Co. v. Tenneco Oil Co.,* 857 F.2d 1388, 1392 (10th Cir.1988) ("[A] court-ordered dismissal for lack of subject matter jurisdiction is also not a decision on the merits ...."); *Martinez v. Richardson,* 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is a fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication on the merits and therefore dismissal of the . . . claim must be without prejudice."); *see also Stalley v. Orlando Reg. Healthcare Sys.,*

*Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *Hernandez v. Conriv Realty Assoc.,* 182 F.3d 121, 123-24 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."). However, the Court elected not to perform a Rule 12(b)(1) analysis in *Wolf*. Instead, it erroneously applied a Rule 56 analysis to find a lack of subject matter jurisdiction, which is improper. Accordingly, applying the *Wolf* decision's flawed analysis to the case at bar would only serve to multiply the Court's error and subject this action to likely reversal on appeal to the Tenth Circuit.

>  B.  **The Court Improperly Construed The Assignment And The SAA Under A Rule 56 Analysis In *Wolf* To Conclude Subject Matter Jurisdiction Was Absent.**

As discussed above, the Court should not have converted the defendant's Rule 12(b)(1) dismissal request into a motion for summary judgment under Rule 56 to find that subject matter jurisdiction was absent in the *Wolf* case. Even assuming that a Rule 56 analysis were proper under a subject matter jurisdiction analysis, which it is not, the Court erred in doing so. This error should not be compounded by extending the *Wolf* decision to the case at bar.

The Court correctly noted that in order to prevail under a Rule 56 analysis, the defendant was entitled to entry of summary judgment in the absence of any genuine issues of material fact upon which a rational jury could find in favor of the non-moving party, Righthaven. (Doc. # 49 at 4.) Moreover, the Court correctly observed that "all reasonable inferences" must be drawn "in favor of the non-moving party." (*Id.*) Despite these correct observations, the Court engaged in a deciphering of ambiguities contained in the language of the CAA and the Assignment. Again, while such an analysis is authorized under Rule 12(b)(1), the Court declined to perform its subject matter inquiry under this authority. *See Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995).

Specifically, the Court analyzed a provision of the CAA that related to the retention of rights to conclude that the "purported assignment of 'rights requisite' is meaningless." (Doc. # 49 at 13.) The Court's analysis continued by determining that "[t]he usage of the term 'exclusive license' does not change this analysis." (*Id.*) What the Court's analysis disregarded is the transactional structure of an assignment of ownership to Righthaven that is subsequently followed by the licensing back to MediaNews Group ("MNG") of rights to exploit a specific copyright protected work. At best, MNG's retention of an exclusive license under the relied upon provision of the CAA is ambiguous in view of the overall transactional structure intended by the parties and reflected in the Assignment along with other provisions of the CAA. While the Court is certainly authorized to construe unambiguous contractual language in an agreement, it cannot interject its reconciliation of ambiguous terms against the parties' intent. Moreover, under a Rule 56 analysis, the Court is required to draw any inferences in favor of the non-moving party, which was Righthaven. The analysis employed in the *Wolf* decision failed in both regards – it did not seek to give meaning to the parties' intent and it did not construe the terms in the light most favorable to the non-moving party. Accordingly, the Court erred in construing the Assignment and the CAA under the appropriate Rule 56 analysis standards. This error should not be relied upon to contaminate the case at bar.

      **C.**    **The Court Improperly Found The Assignment Failed To Vest The Court With Subject Matter Jurisdiction In *Wolf*.**

The Court's analysis in *Wolf* should likewise not be extended to the case at bar because it improperly determined the Assignment failed to vest it with subject matter jurisdiction.

As discussed above, because the Court employed a Rule 56 analysis in the *Wolf* decision, it was required to first find that it had subject matter jurisdiction over the case. The Court erred in determining the Assignment failed to vest it with subject matter jurisdiction, which it should have concluded prior to employing a Rule 56 analysis given its desire to abandon Rule 12(b)(1). While the Court's basis for refusing to acknowledge the Assignment vested it with subject matter

jurisdiction is unclear, the opening sentence of the *Wolf* decision appears to demonstrate a fundamental misunderstanding. The opening sentence of the *Wolf* decision erroneously defines the issue presented in the case as being "whether a party with the bare right to sue has standing to institute an action for infringement under federal copyright law . . . ." (Doc. # 49 at 1.) With all due respect, this was not, and is not, the issue presented in any of the subject matter inquiries presented to this Court.

Righthaven concedes that a party vested with only a bare right to sue for infringement lacks standing to sue for copyright infringement. This is precisely the holding by the Ninth Circuit in *Silvers v. Sony Pictures Entm't,* 402 F.3d 881 (9th Cir. 2005) ("*Silvers*"). Righthaven is not the plaintiff in *Silvers*. Rather, Righthaven's asserts that the issue presented in *Wolf*, and in all other actions pending in this District, is whether a party assigned ownership of a copyrighted work ***along with the express right to sue for past infringement***, among other things, has standing to sue for an accrued infringement claim.

It is beyond doubt that the Assignment from MNG expressly assigns Righthaven ownership in and to the copyrighted work along with the express right to sue for, among other things, accrued, past infringement claims. Thus, the Assignment complies with *Silvers* because it conveys ownership of the work along with the express right to sue for past, accrued infringement claims. The Assignment further complies with the Fifth Circuit's decision in *Prather v. Neva Paperbacks, Inc.,* 410 F.2d 698 (5th Cir. 1969). The Assignment further complies with the Second Circuit's requirements under *ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 944 F.2d 971 (2d Cir. 1991) because the same entity was assigned ownership and the rights to sue for accrued infringement claims. *Id.* at 980. While the CAA's terms may have limited Righthaven's ability to sue for current or future claims of infringement based on MNG holding certain exclusive exploitation rights, this fact does not divest Righthaven of its right to sue for accrued claims expressly assigned to it along with ownership of the copyright worked. Given these facts in view of the cited authority, the Court was virtually compelled to conclude that

Righthaven had standing to maintain the accrued infringement claim at issue in *Wolf*. This fact is further supported by the requirement that subject matter be present before the Court was permitted to undertaken a Rule 56 analysis. Accordingly, the Court erred by failed to find that Righthaven had standing to maintain the action in *Wolf* based on the plain language of the Assignment. Extending the flawed Assignment analysis reached in *Wolf* to the case at bar would be completely improper.

> D. **The Court Improperly Based The Section 505 Attorneys' Fees And Costs Award In *Wolf* Upon A Lack Of Subject Matter Jurisdiction Under Rule 56.**

Righthaven next maintains the Court improperly granted attorneys' fees and costs under Section 505 in *Wolf*. Simply stated, such an award is improper upon a dismissal for lack of subject matter jurisdiction.

Once subject matter is found not to exist a court cannot award attorneys' fees to a party unless it is a sanction. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("[T]he court having determined that it lacks subject matter jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); *see also Skaff v. Meridien North America Beverly Hills, LLC,* 506 F.3d 832, 837 (9th Cir. 2007) (stating that "a court that lacks jurisdiction at the outset lacks the authority to award attorneys' fees."); *Hudson v. Principi,* 260 F.3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."); *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir. 1994) ("Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law 'that lack of jurisdiction bars and award of attorneys fees under [42 U.S.C. §] 1988.") (internal brackets omitted); *United States v. 87 Skyline Terrace,* 26 F.3d 923, 927 n.6 (9th Cir. 1994) (listing cases holding that "subject matter jurisdiction is a condition precedent to an award of fees under the EAJA"); *Branson v. Nott,* 62 F.3d 287, 293 (9th Cir. 1995) (declining to confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was lacking); *Clark v. Busey,*

959 F.2d 808, 810 (9th Cir. 1992) ("Subject matter jurisdiction to decide the merits of the underlying action is a condition precedent to an award of fees or costs under the EAJA." (internal quotations omitted); *Johnson-Manville Corp. v. United States,* 893 F.2d 324, 328 (Fed. Cir. 1989) (finding a lack of subject matter jurisdiction barred fee award); *Lane v. United States,* 727 F.2d 18, 20-21 (1st Cir. 1984) (determining that a want of subject matter jurisdiction precluded an award of fees). Accordingly, a dismissal of this action for lack of subject matter jurisdiction, as determined in *Wolf,* cannot support an award of attorneys' fees and costs as a general principle.

The same result is compelled under Section 505. While the Tenth Circuit has not specifically addressed the issue, other circuits have done so. *See Cadkin v. Loose,* 569 F.3d 1142, 1147 (9th Cir. 2009) ("*Cadkin*"); *Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 164 (1st Cir. 2007) (holding the material alteration test applies to copyright claims and concluding that a dismissal for lack of subject matter jurisdiction does not confer prevailing party status). Thus, the Court's decision to award attorneys' fees and costs under Section 505, which is mistakenly based on a Rule 56 analysis, is error. This error should not contaminate the case at bar. Accordingly, the Court should not apply its decision in *Wolf* to this action by granting summary judgment under Rule 56(f)(3).

      **E.**    **This Case At Bar Should Be Stayed Or Dismissed Without Prejudice Pursuant To Rule 12(b)(1) Or Rule 12(h)(3) Despite The *Wolf* Decision.**

Righthaven certainly understands that the Court may not be inclined to alter its analysis contained in the *Wolf* decision. The Court was faced with some very difficult considerably issues without the benefit of clear Tenth Circuit authority to assist in its analysis. These circumstances, however, do not justify a wholesale application of the *Wolf* decision to the cases in which Righthaven has submitted a substantive response to the Court's OSC. Rather, these circumstances genuinely support staying the actions to which Righthaven has filed an OSC response until the Tenth Circuit adjudicates the *Wolf* decision.

In most of the actions to which a substantive OSC response has been submitted, there has been little, if any, substantive litigation beyond an answer and maybe an asserted counterclaim. Adopting the *Wolf* decision to these actions would only serve to present numerous individual cases to the Tenth Circuit in which each defending party's counsel will want to brief and argue matters that will already be sufficiently and competently handled by Mr. Wolf's and *amici counsel*. While consolidation may seem to present a means of handling this situation, it does not. At best, oral arguments in several cases will heard by the same panel on the same day by the Tenth Circuit. Consolidation would amount to nothing more than the proverbial attempt at herding cats, which each defense counsel looking to make a written submission to the Tenth Circuit. Righthaven trusts, based on this Court's service by designation at the Tenth Circuit, that it appreciates the fact that less material is often more beneficial when briefs are submitted on appeal. Accordingly, Righthaven asks the Court to stay the matters in which is has submitted substantive OSC responses until the *Wolf* decision is adjudicated on appeal by the Tenth Circuit.

Alternatively, Righthaven asks the Court to take the approach that it believes is required by controlling case law – dismiss the other pending actions for lack of subject matter jurisdiction without prejudice pursuant to Rule 12(b)(1) or Rule 12(h)(3). If the Court wishes to dismiss pursuant to Rule 56, however, it must first determine that Righthaven has subject matter jurisdiction to maintain its copyright infringement action. Finding a lack of subject matter jurisdiction and entering an adjudication on the merits pursuant to Rule 56 is simply irreconcilable with existing case law.

### III.    CONCLUSION

For the foregoing reasons, Righthaven respectfully asks the Court not to apply the *Wolf* decision to the case at bar pursuant to Rule 56(f)(3).

Righthaven also asks the Court to stay the case at bar while it appeals the *Wolf* decision to the Tenth Circuit to avoid unnecessarily multiplying the cases on appeal. Alternatively, Righthaven asks the Court to correct its apparent error in the *Wolf* decision and substantively

analyze the presence of subject matter jurisdiction under Rule 12(b)(1). Should it then conclude that subject matter jurisdiction is lacking, Righthaven maintains that the case at bar should be dismissed without prejudice.

Dated this 7th day of October, 2011.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

*Attorney for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on October 7, 2011, **RIGHTHAVEN LLC'S RESPONSE TO ORDER TO SHOW CAUSE WITH CERTIFICATE OF SERVICE** I caused the foregoing to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.